Bijal V. Vakil (CA State Bar No. 192878)
bijal.vakil@allenovery.com
Shamita D. Etienne-Cummings (CA State Bar No. 202090)
shamita.etienne@allenovery.com
ALLEN & OVERY LLP
550 High Street
Palo Alto, CA 94306-2109
Telephone: (650) 388-1650
Facsimile: (650) 388-1699

Attorneys for Plaintiff
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC, | Case No. 5:22-cv-0162 |
| Plaintiff, | **GOOGLE LLC'S COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| ECOFACTOR, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Google LLC ("Google"), for its complaint against Defendant EcoFactor, Inc. ("EcoFactor"), alleges:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 8,131,497 ("'497 Patent), 8,423,322 ("'322 Patent"), 8,498,753 ("'753 Patent") and 10,018,371 ("'371 Patent") (collectively, the "Asserted Patents," attached as Exhibits 1-4, respectively) against EcoFactor, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 et seq., and for any and all other relief the Court deems just and proper.

2. Google requests this relief because EcoFactor alleges that Google's smart thermostat products, including the Nest Thermostat, Nest E and the Nest Generation Learning Thermostat, 3rd Gen (the "Accused Products") infringes the Asserted Patents. See Exhibit 5 (W.D. Tex. Complaint, no.6:22-cv-00032, D.I. 1)

3. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-2202 between Google and EcoFactor as to whether Google is infringing or has infringed the Asserted Patents.

## THE PARTIES

4. Plaintiff Google LLC is a subsidiary of Alphabet Inc. with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

5. Upon information and belief, Defendant EcoFactor, Inc. is a privately held company organized under Delaware's laws, with a principal place of business in the Northern District of California, specifically at 441 California Avenue, Number 2, Palo Alto, California 94301.

## JURISDICTION AND VENUE

6. Google files this complaint against EcoFactor pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

7. This Court has subject matter jurisdiction over this action, which arises under the

United States' patent laws, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

8. This Court has personal jurisdiction over EcoFactor, which has its principal place of business in Palo Alto, California.

9. Venue in this District is proper under 28 U.S.C. §§ 1391(b) because EcoFactor resides in this District, and also because EcoFactor is subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Google's declaratory judgment claim of non-infringement (such as the development and sale of its thermostats) occurred in this District.

## INTRADISTRICT ASSIGNMENT

10. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

11. Google's headquarters at 1600 Amphitheatre Parkway, Mountain View, California 94043 are located in this District. Google's mission is to organize the world's information and make it universally accessible and useful. Over the past two decades, in service of that mission, Google has become one of the world's most innovative technology companies.

12. EcoFactor asserted its patents against allegedly infringing products that originated at Nest Labs that launched in 2010 in Palo Alto. The founders of Nest sought to save the planet while saving consumers money with their energy usage. After merging with the Google family of companies in 2014, the Nest product division has continued to operate primarily in the San Francisco Bay Area. The vast majority of technical and business activities related to Nest have occurred and continue to occur in this District. All management decisions regarding Nest are made in this District.

13. Starting in late 2019, EcoFactor has conducted a patent litigation campaign against Google and other smart thermostat manufacturers, such as ecobee and Vivint. In addition to raising allegations of infringement against Google in this District in two cases (*Google LLC v. EcoFactor, Inc.*, Case no. 5:21-cv-01468 and *Google LLC v. EcoFactor, Inc.*, Case No. 5:21-cv-03220), EcoFactor also filed actions against Google in the International Trade Commission (the "ITC"), the District of Massachusetts and the Western District of Texas.

14. On October 23, 2019, EcoFactor filed a complaint against Google at the ITC, asserting the same Asserted Patents that are the subject of this action. *See In the matter of Certain Smart Thermostats, Smart HVAC Systems and Components Thereof*, Investigation No. 337-TA-1185 (ITC) (the "1185 Investigation"). On November 12, 2019, EcoFactor sued Google in the District of Massachusetts, again asserting the Asserted Patents. *See EcoFactor, Inc. v. Google LLC*, No. 1:19-cv-12322-DJC (D. Mass.). The D. Mass. case was statutorily stayed on February 19, 2020. The ITC instituted the 1185 investigation on November 22, 2019. The 1185 Investigation confirmed that the venue at the center of the allegations is in this District because EcoFactor's witnesses, Google's proprietary and confidential source code (and the inspection of such source code), and Google's U.S. witnesses are all located in this District. On April 20, 2021, the ITC issued an initial determination in the 1185 Investigation, finding no violation by Google or any other respondents. The Commission affirmed the initial determination. *See In the matter of Certain Smart Thermostats, Smart HVAC Systems and Components Thereof*, Investigation No. 337-TA-1185, EDIS D.I. 747359, Jan. 20, 2021.. EcoFactor filed an appeal of the Commission's findings to the Federal Circuit on September 22, 2021 (*EcoFactor, Inc. v. ITC,* Fed. Cir., No. 21-2339, D.I. 1). EcoFactor sought dismissal of its appeal on December 28, 2021 (*EcoFactor, Inc. v. ITC,* Fed. Cir., No. 21-2339, D.I. 23).

15. While the District of Massachusetts case was statutorily stayed, EcoFactor refused to engage in the required joint process to advise the Court on the status of the 1185 investigation and unilaterally dismissed the case on January 10, 2022. EcoFactor then filed suit on these same four Asserted Patents in the Western District of Texas the same day. *See EcoFactor v. Google*, Docket No. 6:22-cv-00032 (W.D. Tex.).

16. Google's Accused Products do not directly or indirectly infringe any asserted claim of the Asserted Patents, either literally or under the doctrine of equivalents. Google has not caused, directed, requested, or facilitated any such infringement, and it did not have any specific intent to do so.

## COUNT I:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '497 PATENT

17. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. EcoFactor claims to own all right, title, and interest in the '497 patent by assignment.

19. In its W.D. Tex. complaint against Google, EcoFactor alleges that smart thermostat systems infringe the '497 patent. *See, e.g.*, Ex. 4, ¶¶ 29-37.

20. The Accused Products do not include or practice multiple claim limitations of the claims of the '497 patent including, but not limited to, having:

   i. a system for calculating a value for the operational efficiency of a heating, ventilation, and air conditioning (HVAC) system;

   ii. a HVAC control system that receives temperature measurements and databases that store temperature measurements received by the HVAC control system;

   iii. processors that receive outside temperature measurements or that calculate rates of change in temperature measurement received by the HVAC control system when the HVAC system is "on" or calculate the rates of change in temperature measurements received by the HVAC control system when the HVAC system is "off," or that relate the calculated rates of change to the outside temperature measurements.

21. An actual and justiciable controversy therefore exists between Google and EcoFactor regarding whether any of the Accused Products infringe any of the asserted claims of the '497 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '497 patent.

22. Google seeks a judgment declaring that Google does not directly or indirectly infringe any asserted claims of the '497 patent, either literally or under the doctrine of equivalents.

## COUNT II:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '322 PATENT

23. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. EcoFactor claims to own all right, title, and interest in the '322 patent by assignment.

25. In its W.D. Tex. complaint against Google, EcoFactor alleges that smart thermostat systems infringe the '322 patent. *See, e.g.*, Ex. 2, ¶¶ 18-26.

26. The Accused Products do not include or practice multiple claim limitations of the claims of the '322 patent, including, but not limited to:

   i. a system for evaluating changes in the operational efficiency of an HVAC system over time;

   ii. an HVAC control system associated with a first structure that receives temperature measurements from a structure conditioned by at least one HVAC system and receives status of the HVAC system;

   iii. processors that receive and compare measurements of outside temperatures with the temperature measurements received from the HVAC control system over time and compare the temperature measurements inside the structure at different times to determine a decrease in the operational efficiency of the HVAC system; and

   iv. databases that store the inside temperature measurements over time.

27. An actual and justiciable controversy therefore exists between Google and EcoFactor regarding whether any of the Accused Products have infringed any of the asserted claims of the '322 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '322 patent.

28. Google seeks a judgment declaring that Google does not directly or indirectly infringe any asserted claims of the '322 patent, either literally or under the doctrine of equivalents.

## COUNT III:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '753 PATENT

29. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. EcoFactor claims to own all right, title, and interest in the '753 patent by assignment.

31. In its W.D. Tex. complaint against Google, EcoFactor alleges that smart thermostat

systems infringe the '753 patent. *See, e.g.*, Ex. 6, ¶¶ 40-48.

32. The Accused Products do not include or practice multiple claim limitations of the claims of the '753 patent, including, but not limited to:

    i. reducing the cycling time of a climate control system;

    ii. accessing stored data that includes historic internal temperature readings taken within a structure and measurements relating to a plurality of historic external temperatures outside the structure during a selected time period;

    iii. determining the thermal performance values of the structure by correlating the historic internal temperatures with the historic external temperatures that both occur at a first time during the at least one selected time period, and by correlating the historic internal temperatures with the historic external temperatures that both occur at a second time during the selected time period, wherein the thermal performance values indicate a rate of change of temperature in the structure in response to changes in outside temperatures;

    iv. storing the thermal performance values of the structure;

    v. retrieving a target time at which the structure is desired to reach a target temperature;

    vi. acquiring a first internal temperature inside the structure at a third time prior to the target time;

    vii. acquiring a first external temperature relating to a temperature outside the structure at the third time prior to the target time;

    viii. obtaining a forecasted temperature that occurs outside the structure at the target time;

    ix. retrieving the thermal performance values of the structure that indicate the rate of change of temperature in the structure in response to changes in outside temperatures;

      x.      retrieving the performance characteristic of a climate control system;

      xi.      determining a first time prior to the target time at which the climate control system should turn on to reach the target temperature by the target time based on the thermal performance values of the structure, the performance characteristic of the climate control system, the first internal temperature, the first external temperature, and the forecasted temperature;

      xii.      calculating intermediate setpoints and setpoint target times that occur between the first time and the target time based on the thermal performance values of the structure, the performance characteristic of the climate control system, the first internal temperature, the first external temperature, and the forecasted temperature, wherein the intermediate setpoints direct a thermostatic controller to change the actual temperature inside the structure to the target temperature in a series of intermediate steps;

      xiii.      transmitting the intermediate setpoints to the thermostatic controller; and

      xiv.      setting the thermostatic controller with the intermediate setpoints to control the climate control system.

33. An actual and justiciable controversy therefore exists between Google and EcoFactor regarding whether any of the Accused Products have infringed any of the asserted claims of the '753 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '753 patent.

34. Google seeks a judgment declaring that Google does not directly or indirectly infringe any asserted claims of the '753 patent, either literally or under the doctrine of equivalents.

## COUNT IV:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '371 PATENT

35. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. EcoFactor claims to own all right, title, and interest in the '371 patent by assignment.

37. In its W.D. Tex. complaint against Google, EcoFactor alleges that smart thermostat systems infringe the '371 patent. Ex. 8, ¶ 51-59.

38. The Accused Products do not include or practice multiple claim limitations of the claims of the '371 patent, including, but not limited to:

    i. detecting manual changes to one or more setpoints for a thermostatic controller;

    ii. providing a thermostatic controller operatively connected to a heating ventilation and air conditioning system, the one or more setpoints of the heating ventilation and air conditioning system being manually changeable;

    iii. calculating the scheduled programming of the thermostatic controller for one or more times to control the heating ventilation and air conditioning system, the scheduled programming comprising at least a first automated setpoint at a first time;

    iv. recording, with the thermostatic controller, actual setpoints of the heating ventilation and air condition system;

    v. communicating the actual setpoints from the one or more thermostatic controllers to the at least one computer;

    vi. generating with the at least one computer, a difference value based on comparing at least one of the actual setpoints at the first time for the thermostatic controller to the first automated setpoint for the thermostatic controller;

    vii. detecting a manual change to the first automated setpoint by determining whether the at least one of the actual setpoints and the first automated setpoint are the same or different based on the difference value; and

    viii. logging the manual change to a database.

39. An actual and justiciable controversy therefore exists between Google and EcoFactor regarding whether any of the Accused Products have infringed any of the asserted claims of the '371 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '371 patent.

40. Google seeks a judgment declaring that Google does not directly or indirectly infringe any asserted claims of the '371 patent, either literally or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

A. Declaring that Google Accused Products do not directly or indirectly infringe any asserted claims of the '497 patent, either literally or under the doctrine of equivalents;

B. Declaring that Google Accused Products do not directly or indirectly infringe any asserted claims of the '322 patent, either literally or under the doctrine of equivalents;

C. Declaring that Google Accused Products do not directly or indirectly infringe any asserted claims of the '753 patent, either literally or under the doctrine of equivalents;

D. Declaring that Google Accused Products do not directly or indirectly infringe any asserted claims of the '371 patent, either literally or under the doctrine of equivalents;

E. Declaring that judgment be entered in favor of Google and against EcoFactor on Google's claims;

F. Finding that this is an exceptional case under 35 U.S.C. § 285;

G. Awarding Google its costs and attorneys' fees in connection with this action; and

H. Awarding Google such other and further relief as the Court deems just and proper.

Dated: January 10, 2022

Respectfully submitted,

By: /s/Bijal V. Vakil
    Bijal V. Vakil

Bijal V. Vakil (CA State Bar No. 192878)
bijal.vakil@allenovery.com
Shamita D. Etienne-Cummings (CA State Bar No. 202090)
shamita.etienne@allenovery.com

ALLEN & OVERY LLP
550 High Street
Palo Alto, CA 94306-2109
Telephone: (650) 388-1650
Facsimile: (650) 388-1699

Attorneys for Plaintiff
Google LLC

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Google demands a jury trial on all issues and claims so triable.

Dated:   January 10, 2022

Respectfully submitted,

By: */s/Bijal V. Vakil*
    Bijal V. Vakil

Bijal V. Vakil (CA State Bar No. 192878)
bijal.vakil@allenovery.com
Shamita D. Etienne-Cummings (CA State Bar No. 202090)
shamita.etienne@allenovery.com
ALLEN & OVERY LLP
550 High Street
Palo Alto, CA 94306-2109
Telephone: (650) 388-1650
Facsimile: (650) 388-1699

Attorneys for Plaintiff
Google LLC