Bijal V. Vakil (CA State Bar No. 192878)
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA  94301
Telephone:  (650) 388-1703
Facsimile:  (650) 388-1699
Email:  bijal.vakil@allenovery.com

Shamita D. Etienne-Cummings
(CA State Bar No. 202090)
James Gagen (*pro hac vice* pending)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC  20005
Telephone:  (202) 833-3810
Email:  shamita.etienne@allenovery.com
Email:  james.gagen@allenovery.com

Grace Wang (*admitted pro hac vice*)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone:  (212) 819-8574
Email:  grace.wang@allenovery.com

Attorneys for Plaintiff
Google LLC

**RUSS AUGUST & KABAT**
Reza Mirzaie, CA SBN 246953
rmirzaie@raklaw.com
James N. Pickens, CA SBN 307474
jpickens@raklaw.com
Kristopher Davis, CA SBN 329627
kdavis@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:     310/826-7474
Facsimile:      310/826-6991

Attorneys for Defendant/Counterclaim-Plaintiff
ECOFACTOR, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

- 1 -

1
2
3
4
5
6
7
8

GOOGLE LLC,

Plaintiff,

v.

ECOFACTOR, INC.,

Defendant.

Case No. 4:22-cv-00162-JSW

**JOINT INITIAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

JURY DEMAND

Date:   April 15, 2022
Time:   11:00 a.m.
Ctrm:   5, 2nd Floor
Judge: Hon. Jeffrey S. White

9  Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local

10 Rule 2-1(b), the Standing Order for All Judges of the Northern District of California for Contents

11 of Joint Case Management Statement and [Proposed] Order, and this Court's February 25, 2022

12 Order Setting a Case Management Conference, Plaintiff Google LLC ("Plaintiff" or "Google")

13 and Defendant EcoFactor, Inc. ("Defendant" or "EcoFactor") (collectively, the "Parties") submit

14 this Joint Initial Case Management Conference Statement and [Proposed] Order.

15  Pursuant to the Court's order setting the CMC (ECF No. 21) requiring identification of

16 counsel that will attend the CMC with full and complete authority for the case, Google identifies

17 Bijal Vakil, and EcoFactor identifies Reza Mirzaie, Kristopher R. Davis, and James N. Pickens.

18  **1.    Jurisdiction and Service**

19  This is an action arising under Title 35 of the United States Code, 35 U.S.C. §§ 1-390,

20 with a specific remedy sought based upon the laws authorizing actions for declaratory judgment

21 in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202. The Parties agree that the

22 Court has subject matter jurisdiction over Google's claims pursuant to 28 U.S.C. §§ 1331,

23 1338(a), and 2201(a).[1] Defendant has been served.  In this matter, no issues exist regarding

24 personal jurisdiction, and no party remains to be served.

25
26
27
28

---
[1]    EcoFactor disputes subject matter jurisdiction for the reasons set forth in EcoFactor's motion to dismiss. (ECF No. 30).

- 2 -

2.      **Facts and Procedural History**

a.      **Brief Factual Statement**

On January 10, 2022, Google filed the Complaint initiating this action against EcoFactor, seeking declaratory judgment of non-infringement of U.S. Patent Nos. 8,131,497 ("'497 Patent), 8,423,322 ("'322 Patent"), 8,498,753 ("'753 Patent"), and 10,018,371 ("'371 Patent") (collectively, "Patents-in-Suit").  *See* Compl. ¶¶ 1 (ECF No. 1).  The products at issue are Google's Nest Learning Thermostat (3rd Gen.) and Nest Thermostat.  The Parties agreed to a 45-day extension to answer the Complaint, and EcoFactor filed its Answer on March 21, 2022 (ECF No. 7).  In its Answer, EcoFactor asserted various affirmative defenses and counterclaims, alleging that Google infringes the Patents-in-Suit.  EcoFactor filed a Motion to Dismiss on March 22, 2022 (ECF No. 30).  Google filed a Response in Opposition to the Motion to Dismiss on April 5, 2022.  *See* Google Opp. to Mot. (ECF No. 34) (Apr. 5, 2022).  Google's Answer to EcoFactor's counterclaims is due on April 11, 2022.

The Parties have been in litigation in various jurisdictions since October 23, 2019, when EcoFactor filed a Section 337 Complaint in the International Trade Commission ("ITC"), alleging infringement of the same Patents-in-Suit at issue in this action.  The Parties' full litigation history involving the technology at issue in this action is reflected in the chart below.

| Case |
| --- |
| *Certain Smart Thermostats, Smart HVAC Systems, & Components Thereof*, Inv. No. 337-TA-1185 (USITC Oct. 23, 2019) |
| *EcoFactor, Inc. v. Google LLC*, No. 1:19-cv-12322-LTS (D. Mass. Nov. 12, 2019) |
| *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Jan. 31, 2020) |
| *Certain Smart Thermostat Systems, Smart HVAC Systems, Smart HVAC Control Systems, and Components Thereof*, Inv. No. 337-TA-1258 (USITC Feb. 26, 2021) |
| *Google LLC v. EcoFactor, Inc.*, No. 3:21-cv-01468-JD (N.D. Cal. Mar. 1, 2021) |
| *Google LLC v. EcoFactor, Inc.*, No. 4:21-cv-03220-HSG (N.D. Cal. Apr. 30, 2021) |
| *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032-ADA (W.D. Tex. Jan. 10, 2022) |

- 3 -

| Case |
|------|
| *Google LLC v. EcoFactor, Inc*., No. 4:22-cv-00162-JSW (N.D. Cal. Jan. 10, 2022) |
| *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00350 (W.D. Tex. Apr. 1, 2022) |

**3.**     **Principal Factual Issues in Dispute**

The primary disputed factual issues:

      i.   Whether any claims of the Patents-in-Suit are valid and/or enforceable.

     ii.   Whether Google is entitled to a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 et seq.

   iii.   Whether Google directly and/or indirectly infringes the Patents-in-Suit, either literally or under the doctrine of equivalents.

   iv.   Whether Google has or presently willfully infringes the Patents-in-Suit.

    v.   The extent of damages and/or other relief (if any).

**4.**     **Legal Issues**

The primary disputed legal issues:

      i.   As argued in ECF No. 30, whether this Court should dismiss this case in favor of *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032-ADA (W.D. Tex. Jan. 10, 2022).

     ii.   Whether any claims of the Patents-in-Suit are valid and/or enforceable.

   iii.   Construction of the claims of the Patents-in-Suit.

   iv.   Whether Google is entitled to a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 et seq.

    v.   Whether Google infringed and/or currently infringes any claim of the Patents-in-Suit under 35 U.S.C. § 271, and whether any such infringement was willful.

- 4 -

vi.     The extent of damages and/or other relief (if any).

vii.    Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**5.      Motions**

EcoFactor's Motion to Dismiss (ECF No. 30), filed on March 22, 2022, is pending before the Court.  Google filed an Opposition on April 5, 2022 (ECF No. 34), and EcoFactor's deadline to file a Reply is on April 12, 2022.  Google anticipates filing a motion for judgment on the pleadings, which Google believes is case dispositive.  EcoFactor anticipates filing a motion for summary judgment of infringement, which EcoFactor believes will be dispositive as to one or more of the Patents-in-Suit. The Parties also anticipate filing a motion for protective order if they cannot reach a stipulated agreement.

**6.      Amendment of Pleadings**

At this stage of the proceedings, the Parties do not anticipate amending any pleadings filed to date.  The Parties agree that the deadline to amend pleadings will be two months prior to the completion of fact discovery, with leave of court and good cause shown.

**7.      Evidence Preservation**

The Parties hereby report and certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties further confirm that they have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**8.      Disclosures**

The Parties have not yet served initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The Parties agree to make their initial disclosures within 14 days after the Parties' Rule 26(f) conference.

**9.      Discovery**

Google's Position: Google believes that an early resolution of the patent eligibility issue is case dispositive.  Accordingly, Google requests a stay pending resolution of the patent eligibility issue and claim construction (if required).

EcoFactor's Position: EcoFactor maintains that this action should be dismissed for the reasons set forth in its Motion to Dismiss (ECF 30).  Should this case be allowed to proceed, EcoFactor does not agree that discovery should be stayed pending resolution of any patent eligibility challenge Google may raise or claim construction.

Parties' Position: Should discovery commence, the Parties anticipate that the scope of discovery shall include the information set forth below in the proposed discovery plan.  At this time, the Parties do not propose any additional limitations or modifications to the discovery rules set forth in the Federal Rules of Civil Procedure.  The Parties are negotiating a stipulated e-discovery order and will submit their agreement or their competing proposals to the Court within 28 days after the Parties' Rule 26(f) conference.  The Parties acknowledge that relevant discovery has been taken in other litigation involving the Parties, including in an ITC Investigation involving the same Patents-in-Suit, and agree to work cooperatively to attempt to reach an agreement that would enable them to leverage their prior discovery efforts for efficiency here (e.g., through cross-use agreements). The Parties' discovery plan pursuant to Rule 26(f) is set forth below:

### a.        Federal Rule of Civil Procedure 26(f)(3)(A)

The Parties incorporate by reference Section 7, *supra*, regarding initial disclosure required under Rule 26(a)(1).  The proposed timing for disclosure of expert testimony and pretrial disclosures pursuant to 26(a)(2)-(3) are set forth in the proposed schedule in Section 17, *infra*.

### b.        Federal Rule of Civil Procedure 26(f)(3)(B)

At a high-level, the Parties anticipate that the scope of discovery will encompass factual and legal issues identified in Sections 2 and 3, *supra*, and the requested relief discussed in Section 11, *infra*.  The parties reserve the right to amend the subjects for discovery pending further discovery and discussion between the Parties.  The timing for completion of discovery is set forth in Section 17, *infra*.

### c.        Federal Rule of Civil Procedure 26(f)(3)(C)

The Parties are negotiating a stipulated e-Discovery order, and will file the agreed terms (or competing proposals) to the Court within 28 days of the Parties' Rule 26(f) conference.

- 6 -

**d.      Federal Rule of Civil Procedure 26(f)(3)(D)**

The Parties are negotiating a protective order for this action, including provisions regarding claims of privilege and other protections, and will file the agreed terms (or competing proposals) to the Court within 28 days of the Parties' Rule 26(f) conference.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502, and the forthcoming protective order to be entered in this action.

**e.      Federal Rule of Civil Procedure 26(f)(3)(E)**

The Parties agree to the following limitations on fact discovery:

        i.    Interrogatories: 30 maximum

        ii.    Requests for Admission: 25 maximum

        iii.    Requests for Production: 75 maximum

        iv.    Fact Depositions: 10 depositions per side, 7 hours maximum on the record (70 hours total), including Corporate (30(b)(6)) Fact Depositions.

        v.    The Parties will meet and confer regarding any circumstances that may require the Parties to make exceptions to these limits.

**f.      Federal Rule of Civil Procedure 26(f)(3)(F)**

The Parties expect to move for and/or stipulate to the entry of a protective order in this action pursuant to Federal Rule 26(c).

**g.      Local Patent Rule 2-1(b)(1)—Proposed Modifications**

The Parties agree to provide the Court with a case management schedule that takes into account the Patent Local Rules 30 days after a ruling on the patent eligibility issue.  The Parties do not propose any modifications to the obligations set forth in the Patent Local Rules, with the exception of slight modifications to procedural deadlines as set forth in the proposed schedule in Section 17, *infra*.

<u>Google's Position</u>: Google requests that the Court address the patent eligibility issue first for all of the Patents-in-Suit.

1        <u>EcoFactor's Position</u>: EcoFactor does not agree that any patent eligibility challenge

2    Google may raise should take precedence over other issues in this action.

3                **h.**        **Local Patent Rule 2-1(b)(2)—Scope and Timing of Claim Construction**

4                         **Discovery**

5        The Parties will provide disclosures required by the Patent Local Rules and Judge White's

6    Standing Order for Patent Cases, including Patent L.R. 4-2, 4-3, and 4-4, and Paragraph 11 of

7    Judge White's Standing Order for Patent Cases.  To the extent either Party intends to rely on

8    experts at the claim construction phase, the Parties will follow the procedure prescribed by

9    paragraph 10 of Judge White's Standing Order for Patent Cases.  The Parties propose the scope

10   and timing of claim construction discovery as set forth in Section 17, *infra*.

11               **i.**         **Local Patent Rule 2-1(b)(3)—Proposed Format of Claim Construction**

12                        **Hearing**

13       The Parties will abide by Paragraphs 7-12 of Judge White's Standing Order for Patent

14   Cases regarding timing and order of presentation at the Technology Tutorial and Claim

15   Construction Hearing.  Consistent with the Court's Patent Standing Order, the Parties do not

16   believe that live testimony will be necessary. Nevertheless, the case is in a preliminary stage, and

17   the Parties reserve the right to offer live testimony at the claim construction hearing. In addition,

18   the Parties believe that the Claim Construction Hearing should be conducted on a claim term by

19   claim term basis, with the party seeking construction of the term presenting first or, if both Parties

20   seek construction, Plaintiff presenting first. Consistent with the Court's Patent Standing Order,

21   the Parties anticipate that any claim construction hearing could be scheduled for approximately

22   two hours. Should it become apparent that live testimony will be necessary, the Parties will

23   submit a request at least 30 days before the hearing to seek the Court's approval for such a

24   request.

25

26

27

28

1

**j.      Local Patent Rule 2-1(b)(4)—How Parties Intend to Educate the Court**

2

**on Technology at Issue**

3

The Parties will abide by Paragraph 7 of Judge White's Patent Standing Order.  If a claim

4

construction hearing is necessary, the Parties will present the Court with a technology tutorial one

5

week prior to the claim construction hearing.

6

**k.      Local Patent Rule 2-1(b)(5)—Non-Binding, Good-Faith Estimate of**

7

**Damages Range**

8

i.   <u>Google's Position:</u> Google is unable to provide a damages estimate at

9

this time.  In particular, the Parties have not yet commenced factual

10

discovery.  Google anticipates that it will be able to provide a damages

11

estimate upon receipt and review of EcoFactor's license agreements,

12

negotiation documents relating thereto, as well as other financial

13

documents.

14

ii.  <u>EcoFactor's Position:</u> EcoFactor anticipates seeking a royalty rate of

15

approximately $5.16 per infringing unit. EcoFactor is unable to provide

16

an estimate of its total damages at this time because fact discovery has

17

not yet commenced. EcoFactor contends that damages begin at least as

18

early as January 2016. Accordingly, EcoFactor contends that the

19

damages period will cover all sales of Nest-branded thermostats

20

beginning at least as of January 2016, and continuing through patent

21

expiration in 2027 or 2029. EcoFactor will seek a running royalty of

22

$5.16 per unit. EcoFactor may also be entitled to a royalty on convoyed

23

sales of related services, and will be able to provide a detailed damages

24

estimate as discovery proceeds.

25

**10.    Class Action**

26

This is not a class action.

27

28

- 9 -

**11.   Related Cases**

The table provided in Section 2(a), *supra*, lists all cases between the parties involving the technology at issue in this action.

**12.   Relief**

As set forth in Google's Complaint, Google seeks a declaratory judgment of non-infringement of the Patents-in-Suit.  Compl. ¶¶ 1-2.  Google specifically requests that the Court enter judgment in Google's favor, as follows:

    a.   That the Court find that Google has not infringed, and does not infringe, directly or indirectly, any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise;

    b.   That the Court find all claims of the Patents-in-Suit invalid and/or unenforceable;

    c.   That the Court find that EcoFactor is not entitled to any relief, including damages or equitable relief;

    d.   That the Court provide further relief as the Court deems appropriate.

As set forth in EcoFactor's Answer, EcoFactor requests that the Court enter:

    a.   A judgment in favor of EcoFactor that Google has infringed and does infringe, directly and/or indirectly, each of the Patents-in-Suit, literally and/or under the doctrine of equivalents;

    b.   A judgment in favor of EcoFactor that Google's infringement of each of the Patents-in-Suit has been willful and egregious under 35 U.S.C. § 284;

    c.   A permanent injunction prohibiting Google from further acts of infringement of the Patents-in-Suit;

    d.   A judgment and order requiring Google to pay EcoFactor its damages, enhanced damages, costs, expenses, and pre-judgment and post-judgment interest for Google's infringement;

    e.   A judgment and order requiring Google to provide accountings and to pay supplemental damages to EcoFactor, including without limitation, pre-judgment and post-judgment interest;

f.   A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to EcoFactor its reasonable attorneys' fees against Google; and

g.   Any and all other relief as the Court may deem appropriate and just under the circumstances.

EcoFactor believes that its damages, before any enhancement, should be based upon a royalty rate of $5.16 per infringing unit for a damages period at least as early as January 2016 through patent expiration.

**13.   Settlement and ADR**

**a.   Prospects for Settlement**

At this stage, the Parties do not anticipate imminent settlement.

**b.   ADR Efforts to Date**

The Parties have engaged in various ADR methods, including two investigations at the International Trade Commission, and have agreed to mediation with a court-appointed mediator at an appropriate time.  Further, although the Parties have not reached settlement to date during the course of related proceedings, the Parties will continue to meet and confer to discuss whether settlement is possible. The parties will separately submit ADR Certifications, likely in line with those filed in *Google LLC v. EcoFactor, Inc.*, No. 4:21-cv-03220-HSG, *see* ECF Nos. 27, 29 (Aug. 3, 2021).

**14.   Consent to Magistrate Judge for All Purposes**

The Parties decline to consent to magistrate judge jurisdiction for further proceedings.

**15.   Other References**

At this stage, the Parties do not believe that this action is suitable for reference to a binding arbitration, special master, or Judicial Panel on Multidistrict Litigation.

**16.   Narrowing of Issues**

At this stage, the Parties are unable to narrow any issues by agreement or otherwise, but the Parties will meet and confer during the pendency of the action and will consider reasonable narrowing proposals as discovery progresses and/or the Court issues rulings, such as a claim

construction order.  However, as mentioned above, Google intends to file a motion for judgment on the pleadings under § 101, which Google believes is case dispositive, and EcoFactor intends to file a motion for summary judgment of infringement as to one or more of the Patents-in-Suit.

**17.    Expedited Schedule**

The Parties agree that the procedure for expedited trials set forth in General Order No. 64 is inappropriate to resolve the issues in this action. In particular, the Parties believe that more than two expert witnesses from each side will need to testify.  *See* N.D. Cal. Gen. Order No. 64.

**18.    Scheduling**

Google's Position: As Judge Gilliam proceeded in another case in this Court between the Parties, *Google LLC v. EcoFactor, Inc.*, No. 4:21-cv-03220-HSG (N.D. Cal. Apr. 30, 2021), Google requests that a hearing on the impending motion on the pleadings under § 101 be set before the remaining dates proceed.

EcoFactor's Position: EcoFactor does not agree that any patent eligibility challenge raised by Google should take precedence; any such motion should be handled in the normal course.

Parties' Position: The Parties agree upon the dates prescribed by the Patent Local Rules ("PLR"), as reflected below:

| Event | Date |
|---|---|
| Initial Case Management Conference | April 15, 2022 (telephonic) |
| Disclosures of Asserted Claims and Infringement Contentions (Pat. L.R. 3-1); Document Production Accompanying Contentions (Pat. L.R. 3-2) | 14 days after initial CMC |
| Invalidity Contentions (Pat. L.R. 3-3); Document Production Accompanying Invalidity Contentions (Pat. L.R. 3-4) | 45 days after service of infringement contentions |
| Exchange of Proposed Terms for Construction (Pat. L.R. 4-1) | 14 days after service of invalidity contentions |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Pat. Pat. L.R. 4-2) | 21 days after exchange of proposed terms for construction |
| Damages Contentions (Pat. Pat. L.R 3-8) | 50 days after service of invalidity contentions |
| Joint Claim Construction and Prehearing Statement Expert Reports (Pat. L.R. 4-3) | 60 days after service of invalidity contentions |
| Responsive Damages Contentions (Pat. L.R. 3-9) | 30 days after service of damages contentions |

| Event | Date |
|---|---|
| Completion of claim construction discovery (Pat. L.R. 4-4) | 30 days after service of joint claim construction and prehearing statement |
| Opening claim construction brief (PR 4-5; White Standing Order, Para. 9) | 45 days after service of Joint Claim Construction and Prehearing Statement) |
| Responsive Claim Construction Brief (Pat. L.R. 4-5) | 14 days after service of opening claim construction brief |
| Reply Claim Construction Brief (Pat. L.R. 4-5) | 7 days after service of responsive claim construction brief |
| Technology Tutorial (White Standing Order on Patent Cases, Para. 7) | TBD |
| Case Management Report (White Standing Order on Patent Cases, Para. 13) | TBD |

**19.     Trial**

The Parties agree that the case will be tried to a jury. Based upon the Court's conduct of trials from 8:00 am to 1:30 pm, Monday through Thursday, the Parties expect trial to last approximately two weeks.

**20.     Disclosure of Non-Party Interested Entities or Persons**

The Parties will file individual statements pursuant to Civ. L.R. 3-15.

**21.     Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1

**22.    Other Matters that Facilitate Just, Speedy, Inexpensive Disposition**

The Parties do not have further proposals at this time.

2

3

Dated:  April 8, 2022                           Respectfully submitted,

4

By: /s/ *Bijal V. Vakil*

5

Bijal V. Vakil (CA State Bar No. 192878)
ALLEN & OVERY LLP

6

550 High Street, Second Floor
Palo Alto, CA  94301

7

Telephone:  (650) 388-1703
Facsimile:  (650) 388-1699

8

Email:  bijal.vakil@allenovery.com

9

Shamita D. Etienne-Cummings
(CA State Bar No. 202090)

10

James Gagen (*pro hac vice* pending)
ALLEN & OVERY LLP

11

1101 New York Avenue, NW
Washington, DC  20005

12

Telephone:  (202) 833-3810
Email:  shamita.etienne@allenovery.com

13

Email:  james.gagen@allenovery.com

14

Grace Wang (*admitted pro hac vice*)
ALLEN & OVERY LLP

15

1221 Avenue of the Americas
New York, NY  10020

16

Telephone:  (212) 819-8574
Email:  grace.wang@allenovery.com

17

Attorneys for Plaintiff

18

Google LLC

19

By: /s/ *Kristopher Davis*

20

Reza Mirzaie, CA SBN 246953

21

rmirzaie@raklaw.com
James N. Pickens, CA SBN 307474

22

jpickens@raklaw.com
Kristopher Davis, CA SBN 329627

23

kdavis@raklaw.com
12424 Wilshire Boulevard, 12th Floor

24

Los Angeles, CA  90025
Telephone:     310/826-7474

25

Facsimile:     310/826-6991

26

Attorneys for Defendant/Counterclaim-Plaintiff
ECOFACTOR, INC.

27

28

- 14 -

**ATTESTATION**

I, Bijal Vakil, am the ECF user whose ID and password authorized the filing of this document.  Under Civil L.R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated:  April 8, 2022

By <u>*/s/ Bijal V. Vakil*</u>
Bijal V. Vakil

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:  _____, 2022

_____
Honorable Jeffrey S. White
UNITED STATES DISTRICT COURT JUDGE

- 15 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 550 High Street, Palo Alto, California 94301.

On April 8, 2022, I caused the foregoing documents described as:

**JOINT INITIAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

to be served on EcoFactor electronically via the Allen & Overy LLP email system at the email address set forth below:

James N. Pickens, Esq.
Russ August and Kabat
1104 NW 88th Way
Plantation, FL 33322
954-637-2393
Email:  rak_ecofactor@raklaw.com

Jason Wietholter
Kristopher R Davis
Marc Aaron Fenster
Minna Y. Chan
Reza Mirzaie
Russ August and Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025
310-826-7474
Email:  rak_ecofactor@raklaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on April 8, 2022, at Palo Alto, California.

*/s/ Bijal V. Vakil*
Bijal V. Vakil

- 16 -